IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Gloria A. Tucker, | ) | C/A No. 0:15-3750-RBH-PJG |
|         Plaintiff, | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| Carolyn W. Colvin, Acting Commissioner of Social Security, | ) | |
|         Defendant. | ) | |

This social security matter is before the court for a Report and Recommendation pursuant to Local Civil Rule 83.VII.02 (D.S.C.). The plaintiff, Gloria A. Tucker, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the defendant, Acting Commissioner of Social Security ("Commissioner"), denying her claims for Supplemental Security Income ("SSI"). Having carefully considered the parties' submissions and the applicable law, the court concludes that the Commissioner's decision should be affirmed.

### SOCIAL SECURITY DISABILITY GENERALLY

Under 42 U.S.C. § 1382c(a)(3)(H)(i), as well as pursuant to the regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905(a); see also Blalock v. Richardson, 483 F.2d 773 (4th Cir. 1973). The regulations generally require the Administrative Law Judge ("ALJ") to consider, in sequence:

PJG

(1) whether the claimant is engaged in substantial gainful activity;

(2) whether the claimant has a "severe" impairment;

(3) whether the claimant has an impairment that meets or equals the requirements of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings"), and is thus presumptively disabled;

(4) whether the claimant can perform her past relevant work; and

(5) whether the claimant's impairments prevent her from doing any other kind of work.

20 C.F.R. § 416.920(a)(4).[1]  If the ALJ can make a determination that a claimant is or is not disabled at any point in this process, review does not proceed to the next step.  Id.

Under this analysis, a claimant has the initial burden of showing that she is unable to return to her past relevant work because of her impairments.  Once the claimant establishes a *prima facie* case of disability, the burden shifts to the Commissioner.  To satisfy this burden, the Commissioner must establish that the claimant has the residual functional capacity, considering the claimant's age, education, work experience, and impairments, to perform alternative jobs that exist in the national economy.  42 U.S.C. § 1382c(a)(3)(A)-(B); see also McLain v. Schweiker, 715 F.2d 866, 868-69 (4th Cir. 1983); Hall v. Harris, 658 F.2d 260, 264-65 (4th Cir. 1981); Wilson v. Califano, 617 F.2d 1050, 1053 (4th Cir. 1980).  The Commissioner may carry this burden by obtaining testimony from a vocational expert.  Grant v. Schweiker, 699 F.2d 189, 192 (4th Cir. 1983).

---

[1] The court observes that effective August 24, 2012, ALJs may engage in an expedited process which permits the ALJs to bypass the fourth step of the sequential process under certain circumstances.  20 C.F.R. § 416.920(h).



**ADMINISTRATIVE PROCEEDINGS**

In February 2012, Tucker applied for SSI, alleging disability beginning June 1, 2001. Tucker's application was denied initially and upon reconsideration, and she requested a hearing before an ALJ. A video hearing was held on January 22, 2014, at which Tucker, who was represented by Natasha M. Hanna, Esquire, appeared and testified. After hearing testimony from a vocational expert, the ALJ issued a decision on April 18, 2014 concluding that Tucker was not disabled. (Tr. 26-38.)

Tucker was born in 1964 and was forty-eight years old on the date the application was filed. (Tr. 37.) She has a high school education and has past relevant work experience as a housekeeper, and a screen printer and packager. (Tr. 254-55.) Tucker alleged disability due to leg and knee issues, neck and back issues, and arthritis. (Tr. 254.)

In applying the five-step sequential process, the ALJ found that Tucker had not engaged in substantial gainful activity since February 24, 2012—her application date. The ALJ also determined that Tucker's chronic pain syndrome and degenerative changes of the cervical spine, lumbar spine, and knees were severe impairments. However, the ALJ found that Tucker did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (the "Listings"). The ALJ further found that Tucker retained the residual functional capacity to

> perform light work as defined in 20 CFR 416.967(b) with frequent postural activities, except she can never climb ladders, ropes or scaffolds, balance for safety on dangerous surfaces or crawl. She can occasionally reach overhead and frequently reach out bilaterally. Claimant must avoid concentrated exposure to hazards such as unprotected heights and dangerous machinery or parts.



(Tr. 31.)  The ALJ found that Tucker was unable to perform any past relevant work, but that considering Tucker's age, education, work experience, and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Tucker could perform. Therefore, the ALJ found that Tucker was not disabled since February 24, 2012, the date the application was filed.

The Appeals Council denied Tucker's request for review on July 16, 2015, making the decision of the ALJ the final action of the Commissioner.  (Tr. 1-5.)  This action followed.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the court may review the Commissioner's denial of benefits. However, this review is limited to considering whether the Commissioner's findings "are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); see also 42 U.S.C. § 405(g); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).  Thus, the court may review only whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig, 76 F.3d at 589.  In reviewing the evidence, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." Id. Accordingly, even if the court disagrees with the Commissioner's decision, the court must uphold it if it is supported by substantial evidence. Blalock, 483 F.2d at 775.



**ISSUE**

Tucker raises the following issue for this judicial review:

I.    The ALJ erred in her decision to grant no weight to the RFC findings of the previous final administrative decisions.

(Pl.'s Br., ECF No. 14.)

**DISCUSSION**

Tucker argues that the ALJ failed to comply with the requirements of Albright v. Commissioner of the Social Security Administration, 174 F.3d 473 (4th Cir. 1999); Lively v. Secretary of Human Services, 820 F.2d 1391 (4th Cir. 1987); and Acquiescence Ruling ("AR") 00-1(4) in finding that ALJ decisions regarding Tucker's previous applications were entitled to no weight.  Tucker argues that remand is warranted for a proper consideration of the ALJ decisions dated February 22, 2007 and March 25, 2010.  Pertinent here, the previous ALJs determined that Tucker retained the residual functional capacity to perform a range of sedentary work; however, the ALJ in Tucker's current application determined that Tucker retained the residual functional capacity to perform a range of light work.[2]

Following the Albright decision, AR 00-1(4), 2000 WL 43374, was issued, summarizing the holdings of Lively and Albright and explaining how the Social Security Administration will apply the Albright decision within the Fourth Circuit.  Pertinent here, this ruling provides as follows:

> When adjudicating a subsequent disability claim arising under the same or a different title of the Act as the prior claim, an adjudicator determining whether a claimant is disabled during a previously unadjudicated period must consider such a prior finding as evidence and give it appropriate weight in light of all relevant facts and

---

[2] Tucker argues that a determination that she is limited to sedentary work would result in a finding of disability under the medical-vocational guidelines, located at 20 C.F.R. Part 404, Subpart P, appendix 2 (the "Grids").



circumstances. In determining the weight to be given such a prior finding, an adjudicator will consider such factors as: (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior claim provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.

Where the prior finding was about a fact which is subject to change with the passage of time, such as a claimant's residual functional capacity, or that a claimant does or does not have an impairment(s) which is severe, the likelihood that such fact has changed generally increases as the interval of time between the previously adjudicated period and the period being adjudicated increases. An adjudicator should give greater weight to such a prior finding when the previously adjudicated period is close in time to the period being adjudicated in the subsequent claim, e.g., a few weeks as in Lively. An adjudicator generally should give less weight to such a prior finding as the proximity of the period previously adjudicated to the period being adjudicated in the subsequent claim becomes more remote, e.g., where the relevant time period exceeds three years as in Albright. In determining the weight to be given such a prior finding, an adjudicator must consider all relevant facts and circumstances on a case-by-case basis.

AR 00-1(4), 2000 WL 43374, at *4.

In this case, the ALJ thoroughly discussed the evidence of record, including Tucker's testimony as well as objective medical evidence pertaining to the relevant time period—February 2012 through April 2014. (Tr. 33-36.) For example, the ALJ acknowledged that "[i]maging studies revealed some abnormalities but none which would impose limitations in excess of a range of light work," finding that (1) a July 2011 right knee x-ray and a November 2013 left knee x-ray showed only some minimal degenerative changes; (2) a October 2013 cervical spine x-ray "showed disc space narrowing with anterior spurring at C5-6 and C6-7, as well as anterior spurring at C3-4 and C4-5," but "[v]ertebral heights . . . were adequately maintained, and there was no abnormal prevertebral soft tissue swelling noted"; and (3) a November 2013 consultative lumbar spine x-ray



showed grade I spondylolisthesis at L4-5. (Tr. 33.) The ALJ also observed that during the relevant time period, the only treatment revealed by the record consisted of three visits to Tucker's primary care provider, Dr. Daniels, with the first visit not occurring until March 2013. The ALJ described these treatment notes, observing that Dr. Daniels's clinical findings were rather benign. (See Tr. 33-34.) The ALJ summarized the results of two consultative examinations, which the ALJ found documented overwhelmingly unremarkable clinical findings. Further, the ALJ stated the bases for including or not including specific limitations in Tucker's residual functional capacity. The ALJ gave little weight to the opinions of the state agency reviewers who found Tucker could perform a range of medium work, stating that the evidence supported a conclusion that Tucker could perform light work with additional nonexertional limitations. The ALJ also gave no weight to a medical source statement completed by Dr. Daniels, finding it was unsupported by the record and observing that Dr. Daniels only saw Tucker on three occasions during the period at issue. The ALJ also found that based on Dr. Daniels's comments in a treatment note discussing the medical source statement, the limitations opined were based on Tucker's subjective complaints.

With regard to the prior ALJ decisions, the ALJ stated as follows:

Pursuant to Albright v. SSA, 174 F.3d 473 (4th Cir. 1999), Lively v. Sec. of HHS, 820 F.2d 1391 (4th Cir. 1987), and Acquiescence Ruling 00-1(4), the undersigned has considered the prior findings of the Administrative Law Judge in the previous decisions dated February 22, 2007, and March 25, 2010, and has given such findings no weight in light of all the relevant facts and circumstances. (Exhibits B1A and B9A) In determining this weight, the undersigned has considered factors such as: whether a fact upon which the prior finding was based was subject to change with the passage of time, such as a fact relating to the severity of the claimant's medical condition; the likelihood of such a change, considering the length of time that has elapsed between the previously adjudicated period and the period being adjudicated in this subsequent claim; and the extent that the evidence not considered in the previous final decision provides a basis for making a different finding with respect to the period being adjudicated in the subsequent claim.



> In giving these prior decisions no weight, the undersigned notes that the administrative law judges in the prior decisions found claimant to be limited to the exertional demands of sedentary work. (Exhibits B1A and B9A)  For the reasons discussed above in this decision, however, the evidence submitted with this claim does not show that claimant is so limited as to require a limitation to the exertional demands of sedentary work.  Rather, as explained in detail above, the evidence submitted in conjunction with this claim is consistent with a finding that claimant can perform a limited range of light work as set forth in her assigned residual functional capacity.

(Tr. 36-37.)

To the extent that Tucker argues that this analysis is insufficient because the ALJ failed to discuss her application of each factor to the evidence at issue, the court disagrees.  Tucker has not directed the court to any support for the proposition that the ALJ must conduct such a detailed discussion.  In fact, the Commissioner has pointed to cases that hold the opposite.  See, e.g., Grant v. Colvin, No. 4:12CV191, 2014 WL 852080, at *7 (E.D. Va. Mar. 4, 2014) ("An ALJ does not necessarily have to walk through each factor in order to comply with AR 00-1(4); rather, reviewing and evaluating all the evidence presented at the correct standard complies with the acquiescence ruling.") (citations omitted); Melvin v. Astrue, 602 F. Supp. 2d 694, 702 (E.D.N.C. 2009) (finding that the ALJ complies with AR 00-1(4) when she considers the prior ALJ's findings as part of reviewing the record, even if the ALJ does not specifically refer to the ruling or explain the specific weight given to the prior ALJ's findings).  In this case, the court finds that based on the ALJ's decision as a whole, Tucker has failed to demonstrate that the ALJ committed legal error requiring remand for further discussion of the applicable factors.  Further, the court finds, reviewing the decision as a whole, that the ALJ applied the requisite factors and reasonably reached the conclusion that the prior residual functional capacity assessments were entitled to no weight.

Tucker also appears to challenge the ALJ's ultimate determination that the prior decisions are entitled to no weight and argues that the ALJ's decision is unsupported because applying the factors to the evidence here supports crediting the prior residual functional capacity determinations. For example, Tucker appears to argue the passage of time weighs in favor of the prior determinations; however, the court observes that the passage of time between the decisions in this case is closer to the three years discussed in <u>Albright</u> than the weeks addressed in <u>Lively</u>. Tucker also argues that her degenerative disc disease, by its very nature and based on the record presented, has worsened with time, pointing to diagnostic studies. However, as discussed above, the ALJ addressed the abnormalities from the studies and limited Tucker to light work based on the overall evidence presented. <u>See</u> <u>Craig</u>, 76 F.3d at 589 (stating that the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]"); <u>Hays v. Sullivan</u>, 907 F.2d 1453, 1456 (4th Cir. 1990) (holding that it is the ALJ's responsibility, not the court's, to determine the weight of evidence and resolve conflicts of evidence).

Based on the foregoing, the court finds that Tucker has failed to demonstrate that the ALJ failed to comply with the requirements of AR 00-1(4), or that the ALJ's evaluation of the prior residual functional capacity assessments was unsupported by substantial evidence or otherwise controlled by an error of law.[3]

---

[3] Tucker also appears to generally argue that the ALJ erred in failing to consider Tucker's complete medical history by failing to include the medical evidence relating to her prior claims in the current record. The court finds that Tucker has failed to support such an allegation of error. As pointed out by the Commissioner, a claimant's "complete medical history" means "the records of your medical source(s) covering at least the 12 months preceding the month in which you file your application." 20 C.F.R. § 416.912(d)(2).



## RECOMMENDATION

For the foregoing reasons, the court finds that Tucker has not shown that the Commissioner's decision was unsupported by substantial evidence or reached through application of an incorrect legal standard. See Craig, 76 F.3d at 589; see also 42 U.S.C. § 405(g); Coffman, 829 F.2d at 517. The court therefore recommends that the Commissioner's decision be affirmed.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 15, 2016
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).