UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Gloria A. Tucker, | ) | Civil Action No.: 0:15-CV-03750-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Carolyn W. Colvin, Acting Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Gloria A. Tucker ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Plaintiff's claim for supplemental security income ("SSI") under Title XVI of the Social Security Act (the "Act"). The matter is before the Court for review of the Report and Recommendation of United States Magistrate Judge Paige J. Gossett, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2) for the District of South Carolina. The Magistrate Judge recommends the Court affirm the Commissioner's decision. [ECF #18].

**Factual Findings and Procedural History**

Plaintiff Gloria A. Tucker was born in 1964 and was forty-eight years old on the date she filed her application for SSI benefits . [ECF #10-2, p. 38]. Plaintiff has a high school education and past relevant work experience as a housekeeper, and a screen printer and packager. [ECF #10-2, p. 38]. On February 24, 2012, Plaintiff filed a claim for SSI, alleging a disability onset date of June 1, 2001. Plaintiff alleges she is disabled due to leg and knee pain, neck and back pain, and arthritis. The Social Security Administration denied her application initially and on reconsideration, so Plaintiff requested a hearing before the Administrative Law Judge ("ALJ"). [ECF #14, p. 1]. The ALJ conducted a video

hearing on January 22, 2014. [ECF #14, p. 1].  The ALJ denied Plaintiff's claim on April 18, 2014,

finding that Plaintiff was not under a disability as defined in the Social Security Act, as amended. [ECF

#10-2, p.56].  The ALJ's findings were as follows:

> (1) Claimant has not engaged in substantial gainful activity since February 24, 2012, the application date (20 C.F.R. 416.971 et seq.).

> (2) Claimant has the following severe impairments: degenerative changes of the cervical spine, lumbar spine, and knees, and chronic pain syndrome (20 C.F.R. 416.920(c)).

> (3) Claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. 416.920(d), 416.925 and 416.926).

> (4) After careful consideration of the entire record, the undersigned finds that claimant has the residual functional capacity to perform light work as defined in 20 C.F.R. 416.967(b) with frequent postural activities, except she can never climb ladders, ropes, or scaffolds, balance for safety on dangerous surfaces or crawl. She can occasionally reach overhead and frequently reach out bilateraly. Claimant must avoid concentrated exposure to hazards such as unprotected heights and dangerous machinery or parts.

> (5) Claimant is unable to perform any past relevant work (20 C.F.R. 416.965).

> (6) Claimant was born on February 12, 1964, and was 48 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 C.F.R.416.963).

> (7) The claimant has at least a high school education and is able to communicate in English (20 C.F.R.416.964).

> (8) Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that claimant is "not disabled," whether or not claimant has transferrable job skills (See SSR 82-41 and 20 C.F.R. Part 4, Subpart P, Appendix 2).

(9) Considering claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that claimant can perform (20 C.F.R. 416.969 and 416.969(a)).

(11) Claimant has not been under a disability, as defined in the Social Security Act, since February 24, 2012, the date the application was filed (20 C.F.R. 416.920(g)).

[ECF #10-2, pp. 28-39].

Plaintiff requested a review of the ALJ's decision, and the Appeals Council denied Plaintiff's request to review the ALJ's decision on July 16, 2015,  making the decision of the ALJ the final decision of the Commissioner. [ECF #10-2].  On September 18, 2015, Plaintiff filed a complaint seeking judicial review of the Commissioner's decision. [ECF #1].  Both Plaintiff and Defendant filed briefs [ECF #14; ECF #15], and the Magistrate Judge issued her Report and Recommendation on September 15, 2016, recommending that the Commissioner's decision be affirmed. [ECF #18, p. 10]. Plaintiff argues that the ALJ did not perform the appropriate analysis under Acquiescence Report 00-1(4), and relevant case law including *Albright v. Comm'r of Soc. Sec. Admin*, 174 F.3d 473 (4th Cir. 1999) and *Lively v. Sec. of Health and Human Servs*, 820 F.2d 1391 (4th Cir. 1987) in reviewing prior ALJ decisions and RFC determinations.  Plaintiff argues that had the ALJ done so, the ALJ would have undoubtedly found she was disabled as defined in the Act.

The Magistrate Judge recommends affirming the Commissioner's decision because the record contains substantial evidence to support the decision that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. [ECF #18].  The Magistrate Judge found that the ALJ thoroughly discussed the evidence of record, including the testimony of Plaintiff and the objective medical evidence she analyzed, in applying the requisite factors to conclude the prior RFC

3

assessments should be afforded no weight . Even more to the point, the Magistrate Judge determined

that, despite Plaintiff's argument that the ALJ did not conduct an appropriately detailed discussion, the

ALJ was not required to provide such a detailed analysis. [ECF #18, p. 8]. Finally, the Magistrate Judge

considered Plaintiff's argument that the ALJ erred in failing to consider Plaintiff's complete medical

history, specifically medical records related to her prior claims. The Magistrate Judge concluded that

"complete medical history" in this context means "the records of your medical source(s) covering at

least the 12 months preceding the months in which you file your application." *See* C.F.R. §

416.912(d)(2). Plaintiff filed objections on October 3, 2016. [ECF #19]. Defendant replied to these

objections on October 19, 2016. [ECF # 20]. Plaintiff's sole objection involves the same argument

raised in her initial brief.

## Standard of Review

### I.    Judicial Review of the Commissioner's Findings

The federal judiciary has a limited role in the administrative scheme established by the Act,

which provides the Commissioner's findings "shall be conclusive" if they are "supported by substantial

evidence." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than

a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964).

Substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

This statutorily mandated standard precludes a de novo review of the factual circumstances that

substitutes the Court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157-58

(4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299, 302 (4th Cir. 1968). The Court must uphold the

Commissioner's factual findings "if they are supported by substantial evidence and were reached

4

through application of the correct legal standard." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012); *see also Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972) (stating that even if the Court disagrees with the Commissioner's decision, the Court must uphold the decision if substantial evidence supports it). This standard of review does not require, however, mechanical acceptance of the Commissioner's findings. *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). The Court "must not abdicate [its] responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner]'s findings, and that [her] conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

**II.    The Court's Review of the Magistrate Judge's Report and Recommendation**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the Report and Recommendation ("R & R") to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*,

718 F.2d 198, 200 (4th Cir. 1983).

## Analysis

Plaintiff raises one objection to the R&R recommending the Commissioner's decision be affirmed: the ALJ erred in granting no weight to the RFC findings of the two previous ALJ decisions in this case. The heart of Plaintiff's argument is that, based on the language in Acquiescence Report 00-1(4) and *Albright v. Comm.*, 174 F.3d 473 (4th Cir. 1999) and *Lively v. Sec. of Health and Human Servs*, 820 F.2d 1391 (4th Cir. 1987), the ALJ did not provide the proper rationale for finding, contrary to two previous ALJ decisions, that Plaintiff could perform light work. [ECF #19, p. 5]. Specifically, Plaintiff argues that the ALJ has to prove that her condition improved over time and how it improved over time. [ECF #19, p. 4].   Plaintiff  had previously received two decisions from other ALJs indicating she was not disabled upon a finding that she could perform a range of sedentary work. [ECF #14, p. 3].   Given Plaintiff's age now, she argues that had the ALJ agreed with those previous determinations, she would be found disabled.

Acquiescence Ruling 00-1(4) applies in cases, where as here, a claimant files a subsequent disability claim. An ALJ considering whether a claimant is disabled during a previously un-adjudicated period must consider a prior finding as evidence and give that finding "appropriate" weight in light of the attendant facts and circumstances. Furthermore, in determining the appropriate weight to assign such a finding, the following factors are provided for in the Ruling: (1) whether the fact on which the prior finding was based is subject to change with the passage of time, such as a fact relating to the severity of a claimant's medical condition; (2) the likelihood of such a change, considering the length of time that has elapsed between the period previously adjudicated and the period being adjudicated in the subsequent claim; and (3) the extent that evidence not considered in the final decision on the prior

6

claim provided a basis for making a different finding with respect to the period being adjudicated in the subsequent claim. The Ruling advises an ALJ to consider all relevant facts and circumstances on a case-by-case basis. The Ruling also provides that where the prior finding is more remote in time, for example as in *Albright* where nearly three years had passed, the ALJ should give less weight to that finding than to a prior finding that is closer in time, as in *Lively*, such as a few weeks.

Here, Plaintiff argues that the ALJ did not provide a detailed discussion of these factors, thus the case needs to be remanded.[1] The ALJ did specifically refer to *Albright*, *Lively*, and AR 00-1(4) in the decision, and afforded the prior decisions a weight ruling given her review of the current factual record and testimony and circumstances involved in the relevant time period.  However, the ALJ did not provide an explicit reason for affording the prior ALJ decisions no weight, specifically in light of the fact that the ALJ found Plaintiff to have several severe impairments, most of which were degenerative in nature.

Aside from arguing that the ALJ did not provide enough detail in her decision to afford the prior decisions no weight, Plaintiff specifically argues that the ALJ did not provide an adequate discussion as to the length of time that elapsed between Plaintiff's previously adjudicated claim and this claim. The ALJ specifically considered the two ALJs's previous decisions dated February 22, 2007 (nearly five years prior to the filing of this claim), and March 25, 2010 (approximately two years prior to the filing of this claim), wherein both of those ALJs determined that, based upon the record before them, Plaintiff was limited to sedentary work. [ECF #10-2, p. 37].  The ALJ apparently decided to afford these findings

---

[1] The Magistrate Judge correctly points out that Plaintiff has not provided support for the proposition that the ALJ must provide the level of detail Plaintiff demands.  In fact, other courts have specifically not required this level of detail in considering AR 00-1(4). *See Melvin v. Astrue*, 602 F. Supp. 2d 694, 702 (E.D.N.C. 2009) ("Although the ALJ did not specifically refer to AR 00-1(4) . . . or explain the precise weight he gave the ALJ's findings from August 20, 2001, the ALJ did *consider* the prior ALJ's findings as part of reviewing the record.") (emphasis in original).

no weight, even in light of the framework provided by *Albright*, *Lively*, and AR 00-1(4). The ALJ noted that like *Albright*, the passage in time for this current application was a few years, and accordingly, did not necessarily need to be afforded greater weight. However, as Plaintiff argues, these ailments, such as degenerative disc disease are, by their nature, diseases that worsen with time. [ECF #19, p. 5]. Thus, although this new application is more remote in time that as in *Lively*, the particular diseases in question are those that generally increase in severity over time, or at the very least, do not improve.

Further, with respect to the assigned RFC, Plaintiff argues that the ALJ incorrectly equated conservative treatment with improvement of Plaintiff's condition. [ECF #19, p. 2]. Plaintiff also argues that had the ALJ given weight to the prior decisions, and subsequently agreed that Plaintiff was limited to sedentary work, she would be found disabled at her current age. The ALJ stated that based upon her independent review of the records before her, the medical evidence did not support a finding that she was limited to sedentary work.[2] This Court finds significant that the ALJ determined that Plaintiff's chronic pain syndrome, and the degenerative changes of the cervical spine, lumbar spine, and knees were severe impairments. While the ALJ discussed the objective medical evidence of record, from February 2012 through April 2014, and concluded that the imaging studies did reveal some abnormalities, the ALJ still determined that contrary to two prior findings of two other ALJs, the claimant could perform light work, thereby increasing the RFC demands Plaintiff is capable of performing. In considering the factors listed in Acquiescence Ruling 00-1(4), this Court cannot conclude that the ALJ adequately explained why she assigned no weight to the prior findings in this case, particularly in light of the fact that Plaintiffs conditions are such that they would get worse, or at

---

[2] Plaintiff generally argues that the ALJ should have included medical evidence related to her prior claims in her analysis. The Commissioner points out that the ALJ is to review the records of medical sources covering at least the 12 months preceding the month in which Plaintiff filed her applications. 20 C.F.R. § 416. 912(d)(2).

least stay the same, over time.  Accordingly, the Court cannot find that based upon the information provided in the decision, substantial evidence exists in the record and the findings were reached through the application of the correct legal standard.

### Conclusion

The Court has thoroughly reviewed the entire record as a whole, including the administrative transcript, the briefs, the Magistrate Judge's R & R, Plaintiff's objections to the R & R, Defendant's response to Plaintiff's objections, and the applicable law.  For the foregoing reasons, the Court respectfully rejects the recommendation of the Magistrate Judge. The action is remanded to the Commissioner to re-evaluate the Plaintiff's RFC given the previous ALJ findings in the record.  The Commissioner's decision is reversed pursuant to sentence four of 42 U.S.C. § 405(g) and the case is remanded to the Commissioner for further administrative action.

**IT IS SO ORDERED.**

Florence, South Carolina                                          s/ R. Bryan Harwell
January 27, 2017                                                    R. Bryan Harwell
                                                                          United States District Judge